# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KEVIN WASHINGTON v. STATE OF TENNESSEE

**Circuit Court for Madison County**
**No. C-00-145**

---

**No. W2000-02736-CCA-R3-PC  - Filed February 1, 2002**

---

### ORDER

The Appellant, Kevin Washington, appeals from the dismissal of his petition for post-conviction relief by the Madison County Circuit Court.  On appeal, the Appellant contends that trial counsel never informed him that his "packaged" plea agreement included a plea of guilty to Class C theft of property and, therefore, his plea was involuntarily entered.  We find this contention without merit.  The judgment of the post-conviction court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

Under the terms of a negotiated plea agreement, the Appellant pled guilty to one count of theft of property over $10,000, twenty-eight counts of Class E forgery, and twenty-four counts of Class D forgery.  The Appellant, a Range II multiple offender, was sentenced to eight years for theft of property, six years for each Class D forgery count, and four years for each Class E forgery count.  The trial court ordered the theft conviction to run consecutive to one count of Class E forgery and all other counts to run concurrent, for an effective twelve-year sentence.  On May 4, 2000, the Appellant filed a petition for post-conviction relief, which was amended on August 10, 2000, following appointment of counsel.

A hearing was held on September 12, 2000, at which time the Appellant and Appellant's trial counsel were called as witnesses.  The Appellant acknowledged that he was aware of the 1997 indictment for theft which charged him with exercising control over a 1993 Lexus vehicle, stolen from California and valued at over $10,000.  The Appellant also admitted that he was in possession of the stolen vehicle in Madison County.  He argues, however, that he was not aware that his plea agreement included this offense.  The Appellant recalls  at the guilty plea hearing the Assistant District Attorney advising the court that the plea agreement included the offense of theft of the Lexus; he also recalls signing a plea agreement which included the offense of theft of property over $10,000; and finally, he recalls the trial judge pronouncing him guilty of theft.  In response, the Appellant now states that "he wasn't in [his] right state of mind," and that he was "shocked" and "afraid."  Appellant's trial counsel testified that he "took great care to make sure that [Appellant] fully understood" the plea agreement, and that the Appellant had no "objections about the theft" charge.

In denying the Appellant's petition, the post-conviction court found:

[Trial counsel] testified that Petitioner requested that counsel negotiate a plea bargain agreement that would "take care of" all of Petitioner's pending cases. [Trial counsel] further testified that he thoroughly explained the 12 year sentence @ thirty-five percent to serve in the Department of Corrections to Petitioner. Moreover, [trial counsel] further testified that it is his practice to thoroughly go over a plea bargain agreement with his clients and to explain all the rights that his clients are waiving with respect to a guilty plea.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). The Appellant argues that his guilty plea was not voluntary, knowing, and intelligent. The established test for determining the validity of the guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970)). The Appellant also argues that trial counsel's ineffectiveness led to his involuntary plea. To succeed in a challenge for ineffective assistance of counsel, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

The Appellant has not proved the allegations set forth in his petition by clear and convincing evidence. Moreover, the record does not preponderate against the post-conviction court's finding with regard to the merit of those allegations.

The judgment of the Madison County Circuit Court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. It appearing that the Appellant is indigent, costs of this appeal will be paid by the State of Tennessee.

_____
DAVID G. HAYES, JUDGE


_____
GARY R. WADE, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE